IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL SUISSI, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:23-CV-2109-N |
| § | |
| WELLS FARGO BANK, NATIONAL § | |
| ASSOCIATION AS TRUSTEE FOR § | |
| SOUNDVIEW HOME LOAN TRUST § | |
| 2007-OPT4, ASSET-BACKED § | |
| CERTIFICATES, SERIES 2007-OPT4, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Wells Fargo Bank's ("Wells Fargo") motion to dismiss Plaintiff Michael Suissi's claims [4]. Because Suissi has again failed to state a claim even after the opportunity to cure defects after his previous complaint was dismissed, the Court grants Wells Fargo's motion and dismisses Suissi's claims with prejudice.

### I. ORIGINS OF THE MOTION

This case arises from a dispute over foreclosure on a piece of real estate. In 2007, Suissi executed a deed of trust and secured a loan against the piece of real property at issue. *See generally* Pl.'s Original Petition at 1–3, [1-3]. Wells Fargo is the assignee of record for the deed of trust. *Id.* at 3; *see also* Deed of Trust, Def.'s Appx. at 1–14. Suissi then defaulted on the terms of the loan, prompting Wells Fargo to move for foreclosure in 2022. Pl.'s Original Petition at 2, [1-3]. Suissi then filed his first suit against Wells Fargo. *See Michael Suissi v. Wells Fargo Nat'l Bank,* 3:22-CV-1545-C [1] ("*Suissi 1*"). Judge Ada

MEMORANDUM OPINION AND ORDER – PAGE 1

Brown dismissed the case without prejudice for failure to state a claim in Suissi's original proceeding. *Suissi 1*, Order Granting Motion to Dismiss [14]. Judge Brown gave leave for Suissi to move to amend his complaint. *Id. at* 11. Suissi did not amend, and the suit was fully dismissed for failure to timely amend. *Suissi 1*, Judgment [15]. Suissi then filed a new, nearly identical petition in Texas state court, initiating the present suit. Pl.'s Original Petition, [1-3]. Wells Fargo removed the case to federal court and again moved to dismiss, arguing that Suissi again failed to state a claim for which relief could be granted. Def.'s Motion 1 [4].

## II. LEGAL STANDARD UNDER RULE 12(B)(6)

When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). "When reviewing a motion to dismiss, a district court must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (internal quotation marks omitted). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a plaintiff must provide "more than

MEMORANDUM OPINION AND ORDER – PAGE 2

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

### III. THE COURT GRANTS THE MOTION TO DISMISS BECAUSE SUISSI HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Upon reviewing the facts pleaded in Suissi's complaint, the Court finds that Suissi has not provided sufficient facts to raise plausible claims for breach of contract, negligent misrepresentation, or injunctive relief. Accordingly, the Court grants Wells Fargo's motion to dismiss.

#### A. Suissi Has Not Pleaded Adequate Facts to Support His Breach of Contract Claims

Suissi alleges that Wells Fargo breached the terms of the deed of trust on two grounds: (1) Wells Fargo served him with defective notice of default and improper notice of acceleration, and (2) Wells Fargo failed to provide loss mitigation options. Suissi has not pleaded sufficient facts to support either of these allegations, and accordingly has not satisfied his pleading burden under Rule 12(b)(6).

First and foremost, Suissi's breach of contract claim fails as a matter of law because he himself is in breach of the contract. In Texas, "it is a well-established rule that a party to a contract who is himself in default cannot maintain a suit for its breach." *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990). Suissi has not alleged that he performed or is otherwise not in breach. Courts have generally found that a plaintiff who has defaulted on

a note and deed of trust cannot bring an action for a mortgagee's subsequent breach in the foreclosure process.  *See, e.g., Mitchell v. Chase Home Finance*, 2008 WL 623395 (N.D. Tex. 2008); *Hill v. Wells Fargo Bank, N.A.,* 2012 WL 2065377, at *5 (S.D. Tex. 2012).  Because Suissi has not alleged that he performed his own obligations under the note and deed of trust, he had not pleaded an essential element of a contract claim in Texas, and thus he is precluded from bringing a breach of contract action for Wells Fargo's subsequent alleged failure to comply with its own obligations under their agreement.

Even if Suissi's claims were not defeated by his own breach, Suissi's allegations are conclusory and fail to identify key facts or supporting documents that would allow the Court to reasonably infer that Wells Fargo breached its contract with Suissi.  To prevail on a breach of contract claim under Texas law, a party must show: (1) the existence of a valid contract, (2) performance or performance tendered by the plaintiff, (3) breach of the contract by the defendant, and (4) damages sustained by the plaintiff as a result of the breach.  *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014); *see also Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019).  Suissi has failed to plead sufficient facts to support these elements.

In support of his breach of contract claim, Suissi provides only bare bones assertions that lack specificity.  Suissi's petition states: "Plaintiff has received a defective notice of default and an improper notice of acceleration of the note as required by both the security documents and the property code." Pl.'s Original Petition at 2 [1-3].  Suissi's petition does not further elaborate in what way the notices of default and acceleration provided to him by Wells Fargo were defective.  Furthermore, Suissi alleges that "the Texas Property Code

MEMORANDUM OPINION AND ORDER – PAGE 4

51.002 and the loan documents in question require a mortgage lender to provide a proper Notice of Default and opportunity to cure given to the borrower." *Id.* Section 51.002(d) of the Texas Property Code does require a mortgage servicer to provide a debtor with a notice of default meeting certain requirements, such as being in writing, and with an opportunity of at least twenty days to cure the default before sale. TEX. PROP. CODE § 51.002. However, Suissi does not identify any way in which Wells Fargo did not meet these requirements. Suissi alleges no specific actions undertaken by Wells Fargo in issuing him a notice of default that did not comply with the enumerated section of the Texas Property Code.

Suissi also vaguely cites "the loan documents at issue" as another source requiring "proper" notice, but Suissi identifies neither to which "loan documents" he is referring nor any specific provision of the deed of trust that he alleges gives rise to a breach claim. A claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached. *See Williams*, 560 F. App'x at 238. Without identifying the provision or provisions, the Court cannot determine whether Suissi has pleaded factual content that allows the Court to draw the reasonable inference that Wells Fargo is liable for breach of those provisions or that Wells Fargo failed to fulfill its post-default obligations under the deed of trust. Suissi does not identify the provisions of the deed of trust that have been breached but instead claims a general breach from receiving a "defective" notice of default and an "improper" notice of acceleration without defining either of those terms. A general assertion of rights and obligations without support of the specific provisions alleged to be breached does not raise the right to relief beyond a

MEMORANDUM OPINION AND ORDER – PAGE 5

speculative level. *Twombly*, 550 U.S. at 555. Under the Texas Property Code or the loan documents, Suissi has not sufficiently identified what actions Wells Fargo needed to undertake to give proper notice to Suissi and in what way Wells Fargo failed to undertake those actions. Accordingly, Suissi has not adequately pleaded that Wells Fargo breached the deed of trust by providing improper notice of default or acceleration.

Suissi's petition also alleges that "the loan documents provide that acceleration and foreclosure are subject to the limitation of HUD regulations which require Defendant to make reasonable efforts to inform Plaintiff of any assistance option before accelerating the note. Defendant's failure to do so is likewise a breach of contract." Pl.'s Original Petition at 2 [1-3]. Suissi again fails to identify both the particular requirements and the specific conduct that would amount to a breach of contract. First, HUD regulations apply to the government and mortgagees, not mortgagors, and must be specifically incorporated into the deed of trust to apply. *Roberts v. Cameron-Brown Co.*, 556 F.2d 356, 360–61 (5th Cir. 1977). Suissi does not identify any specific contractual provisions that incorporate the HUD regulations, and instead states only vaguely that acceleration and foreclosure are subject to the limitation of HUD regulations. Additionally, Suissi does not plead specific facts relating to Wells Fargo's alleged failure to inform him of assistance options before acceleration. Suissi again only vaguely states that Wells Fargo failed to do what is required under an unidentified section of the HUD regulations as incorporated in an identified provision of the loan documents. As discussed above, this, without more, is not enough to give rise to a breach of contract claim.

Without specific factual allegations as to what conduct Wells Fargo owed to Suissi under their contract and what Wells Fargo did instead that breached those obligations, the Court cannot reasonably infer that Wells Fargo breached the deed of trust. Suissi's breach of contract claims are made out in his complaint by only vague and conclusory statements, which are not sufficient to plead breach of contract. Accordingly, the Court dismisses Suissi's breach of contract claims.

### B. Suissi Has Not Pleaded Adequate Facts to Support His Negligent Misrepresentation Claim

Suissi alleges that Wells Fargo made misrepresentations to him regarding his loan and loss mitigation options, on which he alleges he relied to his detriment. Suissi has not pleaded sufficient facts to support this allegation, and accordingly has not satisfied his pleading burden under Rule 12(b)(6).

To prevail on a claim for negligent misrepresentation under Texas law, a plaintiff must show: "(1) the defendant made a representation in the course of his business, or in a transaction in which he has a pecuniary interest, (2) the defendant supplied false information for the guidance of others in their business, (3) the defendant did not exercise reasonable care or competence in obtaining or communicating information, and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation." *McKinney/Pearl Rest. Partners, L.P. v. Metro Life Ins. Co.*, 241 F.Supp.3d 737, 768 (N.D. Tex. 2017) (citing *Fed. Land Bank Ass'n of Tyler v/ Sloane*, 825 S.W.2d 439, 442 (Tex. 1991). Suissi has failed to plead sufficient facts to support these elements.

Suissi's petition essentially recites the elements of a negligent misrepresentation claim but does not plead any specific facts in support of these elements. Suissi alleges that "the lender made misrepresentations in communicating to Plaintiff the options of loss mitigation," that "Plaintiff relied to his detriment in a transaction for which Plaintiff had a pecuniary interest," and "the representations were false." Pl.'s Original Petition at 2 [1-3]. Suissi does not specifically plead what facts Wells Fargo misrepresented or any statements that could constitute misrepresentation, how Wells Fargo failed to use reasonable care in communicating, or what actions Suissi undertook in reliance on a misrepresentation. Suissi's pleadings for his negligent misrepresentation claim lack the requisite factual specificity to survive at the motion to dismiss stage. The Court cannot use conclusory statements or recitations of law to determine whether a cause of action is plausible. Because Suissi has not pleaded any factual allegations making his claim for negligent misrepresentation plausible, the Court must dismiss the claim.

### C. *Suissi Is Not Entitled to Injunctive Relief as a Matter of Law*

Suissi is not entitled to injunctive relief as a matter of law. Injunctive relief is a remedy, not a stand-alone cause of action. *Van Der Linden v. Khan*, 535 S.W.3d 179, 203 (Tex. App.—Fort Worth 2017, pet denied). To obtain injunctive relief, Suissi must demonstrate: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that the threatened injury to plaintiff outweighs any damage the injunction may cause to defendant, and (4) that the injunction will not disserve the public interest." *DSC Comms. Corp. v. DGI Techs, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996). Because the Court has dismissed all of Suissi's substantive claims, he

MEMORANDUM OPINION AND ORDER – PAGE 8

cannot show a substantial likelihood of success on the merits for his case, which means he cannot meet a key element of the test for entitlement to injunctive relief. Therefore, Suissi has no grounds for injunctive relief, and the Court dismisses his request for a temporary restraining order as well.

## CONCLUSION

Because Plaintiff Michael Suissi has failed to state a claim for which relief can be granted, the Court grants Defendant Wells Fargo Bank's motion to dismiss. Suissi's claims were previously dismissed without prejudice and Suissi was given leave to amend. *Suissi 1*, Order Granting Motion to Dismiss [14]. Suissi declined to amend the complaint to fix its deficiencies by the deadline and instead filed a new nearly identical complaint with this Court. Suissi has not sought leave to amend in response to the present motion to dismiss. Accordingly, no leave is granted and Suissi's claims for breach of contract, negligent misrepresentation, and injunctive relief are dismissed with prejudice.

Signed March 20, 2024.

_David C. Godbey_
David C. Godbey
Chief United States District Judge